UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CAVETTE,<br>　　　　Petitioner,<br>　　　v.<br>RICK HILL, Warden,<br>　　　　Respondent. | NO. CV 14-812-R (AGR)<br><br>ORDER TO SHOW CAUSE |

　　　On February 3, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears that the one-year statute of limitations has expired.

　　　The court, therefore, orders Petitioner to show cause, on or before **March 19, 2014**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

I.

**PROCEDURAL BACKGROUND**

On December 6, 2010, Petitioner pled guilty to first degree burglary and admitted a prior conviction for assault with a deadly weapon and three prior prison terms. (Petition at 2); *People v. Cavette*, 2011 WL 5579192, *1 (2011). Petitioner was sentenced to 13 years in prison. (*Id.*) On November 17, 2011, the California Court of Appeal affirmed the conviction. (*Id.* at 3.)[1] Petitioner did not file a petition for review in the California Supreme Court. (Petition at 3.)

On August 13, 2012, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on November 14, 2012. (*Id.* at 4); *see* California Appellate Courts online docket in Case No. S204676.

On February 3, 2014, Petitioner filed the instant petition in this court in which he raises two grounds. (Petition at 5-6.)

II.

**STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

---

[1] Petitioner incorrectly alleges the date to be November 27, 2011 (Petition at 3). *See Cavette*, 2011 WL 5579192.

### A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The Court of Appeal affirmed Petitioner's conviction on November 17, 2011. Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days later on December 27, 2011. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired on December 27, 2012.

#### 1.    Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's first habeas petition was filed on August 13, 2012, at which point he had used up 230 days of the limitations period and had 135 days remaining. Petitioner constructively filed the federal petition in this court on January 27, 2014, 439 days after the November 14, 2012 denial by the California Supreme Court. (Petition at 7 (signature) & back of envelope.) Thus, he was 304 days late (439 - 135).

#### 2.    Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary

circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

In Ground Two, Petitioner argues that his counsel failed to inform him of the consequences of an "open plea."[2]  Petitioner told counsel he would plead guilty only to the burglary charge, "nothing else." According to Petitioner, counsel told Petitioner that the judge "indicate[d] he would sentence Petitioner to 9 years with half-time (no strike) if an open plea was given." Thus, Petitioner believed that the "worst case scenario" was a 9-year sentence at half time. (Petition at 5-6.)

---

[2] "An open plea is one where . . . the defendant is not offered any promises and pleads unconditionally to the maximum possible sentence, subject to the trial court's discretion to impose a lesser sentence." *People v. Murray*, 203 Cal. App. 4th 277, 281 n.1 (2012).

4

Petitioner was aware of the factual predicate of his claim of ineffective assistance of counsel at the latest at sentencing on December 17, 2010. (Petition at 2.)  Accordingly, the date of discovery does not assist Petitioner.

### III.

### **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before *March 19, 2014*, Petitioner shall show cause, if there be any, why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to timely respond to the order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: February 19, 2014

ALICIA G. ROSENBERG  
United States Magistrate Judge